TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00208-CV






Shelly Frank, as Beneficiary of Eric Frank, Deceased, Appellant


v.


Liberty Insurance Corporation, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-05-001135, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING




D I S S E N T I N G O P I N I O N



 I disagree with the majority's conclusion that the Texas Workers' Compensation
Commission has misinterpreted its own rules with respect to what constitutes notice to a claimant
for the purposes of calculating deadlines. Consequently, I respectfully dissent.

 The majority concludes that, because the Commission has adopted a rule that requires
it to send written communications to both a claimant and the claimant's lawyer (if the claimant has
a lawyer), the time for appealing a Commission order does not begin to run until notice of a
Commission order is received by both the claimant directly and the claimant's lawyer. However,
the text of rule 102.5(a) does not say this, nor does any statute, law, or other regulation governing
the Commission. Rule 102.5(a) provides as follows:


 After the Commission is notified in writing that a claimant is represented by an
attorney or other representative, all copies of written communications to the claimant
shall thereafter be sent to the representative as well as the claimant, unless the
claimant requests delivery to the representative only. However, copies of
settlements, notices setting benefit review conferences and hearings, and orders of
the Commission shall always be sent to the claimant regardless of representation
status. All written communications to the claimant or claimant's representative will
be sent to the most recent address or facsimile number supplied on either the
employer's first report of injury, any verbal or written communication from the
claimant, or any claim form filed by the carrier via written notice or electronic
transmission.


28 Tex. Admin. Code § 102.5(a). This rule does not say anything about when appellate deadlines
begin to run or what will trigger the running of those deadlines. It does not govern the running of
appellate deadlines at all. It obligates the Commission to send written communications to both
the claimant and the claimant's lawyer. It does not, however, create any remedy if the Commission
fails to do this, nor does it speak to what happens, if anything, in the event of such a failure. There
is also no language in the rule suggesting that, since the Commission is obligating itself to send
written communications to both the claimant and the claimant's lawyer, any notice to the claimant
will not be deemed "received" by the claimant for the purposes of appellate deadlines until both
notices are received.

 Consequently, it is inaccurate to conclude that the Commission's Advisory 93-11
(promulgated in November 1993) stating that notice to the claimant for all purposes will be
established by the notice sent directly to the claimant is inconsistent with rule 102.5(a). There is
nothing inconsistent between the rule and the advisory. The rule deals with how many copies of
written communications the Commission will send out and to whom. The advisory deals with which
of a number of multiple notices to a claimant will operate as formal notice. The rule and the
advisory deal with entirely different subjects.

 The running of the particular appellate deadline at issue in this case is governed by
statute, not rule 102.5. Texas Labor Code section 410.202 provides:


 To appeal the decision of a hearing officer, a party shall file a written request for
appeal with the appeals panel not later than the 15th day after the date on which the
decision of the hearing officer is received from the division and shall on the same
date serve a copy of the request for appeal on the other party.



Tex. Labor Code Ann. § 410.202 (West 2006) (emphasis added). The 15-day period for filing a
request for appeal begins to run on the date the decision is "received" from the division. The statute
does not mention how the decision has to be received or require that it be received by both the
claimant and the claimant's lawyer. It simply has to be received by the claimant for the appellate
period to begin running.

 The Commission adopted rule 143.3 to further define the appeals process at the
Commission. As would be expected, rule 143.3 tracks section 410.202 with respect to when the 15-day period for filing an appeal with the appeals panel begins to run--"not later than the 15th
day after receipt of the hearing officer's decision." 28 Tex. Admin. Code § 143.3(a)(3). Thus, the
applicable statute and rule here are consistent and refer to the date that the decision of the hearing
officer is received. Rule 102.5(a) does not apply to this process.

 Frank does not contest that she personally received the hearing officer's decision
more than 15 days before she filed a notice of appeal with the appeals panel. Her complaint is that
her lawyer did not receive the decision more than 15 days before the notice of appeal was filed. This
complaint does not alter, in any way, the fact that Frank personally received the decision--satisfying 
the express statutory requirement of notice--or that Frank failed to comply with the statutory
deadline for filing a notice of appeal.

 While the majority's insistence on notice to the party's attorney is consonant with
standard civil litigation practice and the rules of civil procedure, it is not required by or necessarily
consistent with the workers' compensation claims process. Under the rules of civil procedure, a
party's attorney is officially designated as the formal agent for receiving written communications. 
See Tex. R. Civ. P. 8. The claims process at the Workers' Compensation Commission does not
operate under the rules of civil procedure, however. The claims process attempts to accommodate
claimants who represent themselves or want to pursue a claim without hiring a lawyer. It is not
unreasonable that the legislature and the Commission, under these circumstances, would adopt a
uniform notice process that relies on direct notice to the claimant rather than notice to counsel. Rule
102.5(a) highlights this feature in its explicit insistence on delivery of copies of Commission orders
directly to claimants regardless of whether they are represented by counsel.

 In an effort to accommodate lawyers, the Commission adopted rule 102.5(a)
obligating itself to send them copies of written communications as well as sending communications
directly to claimants. This rule, however, altered nothing about formal notice under section 410.202
or rule 143.3. The Commission issued Advisory 93-11 to make sure everyone understood that the
fact that it was sending copies of written communications to both the claimant and the claimant's
representative did not change which of these deliveries would operate as the statutorily required
notice to the claimant for purposes of calculating deadlines. These have been the operating rules of
the Commission since November 1993, and there have been multiple decisions by the Commission's
appeals panel upholding this application of the rules during the intervening fourteen plus years. 
Given the way the claims process works at the Commission, the procedure implemented by the
Commission is not unreasonable.

 It is reasonable for the Commission to rely on a single notice to be the operative
trigger for appellate deadlines. It is also reasonable for the Commission to agree to send copies
of written communications to both claimants and their lawyers. What authority prevents the
Commission from designating which of these notices will operate as formal notification for purposes
of calculating deadlines? No statute or rule does so. On its face, rule 102.5(a) does not do so. It will
certainly come as a surprise to the Commission to find out that its effort to accommodate lawyers
and to "reduce potential delays in distributing information" has had the unintended consequences
of (1) obligating the Commission to demonstrate receipt of an order by both the claimant and her
lawyer before the 15-day deadline for filing an appeal starts running, (1) and (2) extending its own
plenary power to review decisions of hearing officers by rule. The majority's interpretation of rule
102.5(a) is not only inconsistent with the rule's text, but it also puts the Commission in the odd
position of altering its plenary power to hear appeals by rule without going to the legislature to get
section 410.202 amended. The majority's interpretation of rule 102.5(a) also creates an unwise
incentive for the Commission to abandon the reasonable procedure of sending copies of written
communications to claimants' lawyers. (2)

 While, as a matter of policy, one might want a system where the operative notice to
a represented claimant is the notice sent to the lawyer, that is not the system that has been mandated
for the Commission by either the legislature or by the Commission itself. The majority's desire to
correct an oversight that looks to have contributed to Ms. Frank's missing her deadline for appealing 

the decision of the hearings officer is understandable. (3) However, the courts are not authorized to
mandate this requirement in the absence of statutory or regulatory direction. Yet, this is precisely
what the majority is doing when it creates a remedy for the Commission's failure to send the lawyer
a copy of the hearing officer's order under rule 102.5(a) that is not in the rule itself, not in any other
rule, and not in a statute.

 When reviewing an agency interpretation of its own rules, we start with the
proposition that the agency's interpretation of its own rules is entitled to deference unless it is plainly
erroneous, inconsistent with the text of the rule, or inconsistent with a statute or the constitution. 
The majority concludes that the Commission's position that the notice received directly by a
claimant will be the operative notice is inconsistent with the text of rule 102.5(a). This conclusion
then becomes the basis to find that the filing period does not begin to run until two notices of a
Commission order are delivered to a claimant--one to the claimant directly and one to the claimant's
lawyer. However, I do not see what text in rule 102.5(a) speaks in any way to which of the written
communications sent by the Commission will operate as formal notice for the purpose of calculating
the statutory deadline of section 410.202, much less that it requires notice to both the lawyer and the
claimant to trigger the filing deadline. Although I am sympathetic to Ms. Frank's situation, I believe
the applicable jurisdictional statute mandates dismissal of her appeal.

 I would affirm the judgment of the trial court.



 

 G. Alan Waldrop, Justice

Before Justices Pemberton, Waldrop and Henson

Filed: April 11, 2008

1. Unlike under the rules of civil procedure, notice to the attorney alone would not be
sufficient under the majority's interpretation of rule 102.5(a).
2. Since the majority finds that the Commission created the requirement of receipt of notice
by both the claimant and the claimant's lawyer before notice is effective by implementing rule
102.5(a), it is not much of a leap to think that the Commission might consider solving this problem
by amending the rule. This could mean eliminating the delivery of written communications to
lawyers and relying solely on sending written communications directly to claimants. Of course, a
better approach would be to allow claimants to elect to designate their attorneys as their agents for
official notice.
3. The Commission's failure to send a copy of the order to Frank's lawyer was not the only
factor contributing to her missing the deadline for filing an appeal. Frank's failure to communicate
with her lawyer regarding the copy of the order she did receive, her failure to inform the Commission
that she wanted all communications to her to go to her lawyer as allowed by rule 102.5, and her
reliance on her lawyer receiving notice, even though the Commission had not considered such receipt
to be the operative, formal notice for deadline purposes since November 1993, also played a role in
Frank missing her deadline to appeal.